■ In the Matter of EASTMAN KODAK COMPANY, Respondent, v. JUDAH WATTENBERG et al., Appellants.— Judgment in favor of petitioner in the sum of $3,341.45, unanimously reversed, on the law and on the facts, with $50 costs to respondents-appellants, the report of the Special Referee confirmed and the petition dismissed. The issue to be resolved involves the right to the sum of $4,500 placed in escrow on April 30, 1963 pursuant to agreement therefor dated April 18, 1963. Respondent-appellant Joseph Heller is the assignee under the escrow agreement; respondent-appellant Judah Wattenberg is the escrowee; and petitioner-respondent is the judgment creditor of the assignor, Foremost Camera Stores, Inc. Consequent on the disaffirmance of a report by a Special Referee, Special Term entered an order directing payment to petitioner-respondent of certain moneys held by the escrowee. Thereon a restraining notice was served on the escrowee on February 10, 1964 and a levy made on June 4, 1964 by the Sheriff of the City of New York. Petitioner-respondent is a merchandise creditor of the assinor. The assignor sold its equipment and inventory. The sale agreement provided for payment in full of preferred creditors and of 40% of the claims of merchandise creditors of the assignor. Notice to creditors of the assignor was given pursuant to the Bulk Sales Act. Petitioner-respondent received 40% of its claim. The fund was established by the following provision: "The sum of $4500.00 shall be deposited at the time of closing with Judah Wattenberg, attorney for Buyer, whose office is at 250 West 57th Street, New York, N. Y., who agrees to pay said sum of $4500.00 to Joseph Heller, attorney for Seller, of 51 Chambers

Street, New York, N. Y., to whom Seller hereby assigns said money." The escrow agreement also provides: "The escrow sum of $4500.00 shall be held by the escrowee upon the following conditions: if an order shall have been served upon the escrowee restraining him from disposing of the escrow fund or if any action or proceeding shall have been commenced then such sum may be retained by the escrowee pending a final judicial determination or settlement of such claim." The holding by Special Term that the commencement of an action by petitioner-respondent prior to September 15, 1963 subjected the escrow fund to the rights of the petitioner-respondent was error. The assignment to respondent-appellant Heller was complete on April 30, 1963. The provision for the retention of the fund by the escrowee in the event he is served with a restraining order serves to postpone delivery of the fund until the determination of the adverse claim; it does not invalidate the assignment. Moreover, petitioner-respondent concedes the assignment and does not urge that it was fraudulent or otherwise void. Concur — McNally, J. P., Stevens, Eager and Steuer, JJ.